IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:16-CR-00034-WCO-JCF |
| MARQUIS BONDS, | : | |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion To Dismiss (Doc. 13).

For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion

be **DENIED**.

## Factual and Procedural History

On December 19, 2011, the District Attorney for the Northeastern Judicial

Circuit of Georgia filed an Accusation in the Superior Court of Hall County

charging Defendant with the felony offense of possession of marijuana with intent

to distribute, case number 11CR1239C.  (Doc. 15-1 at 2-3).  On March 30, 2012,

Defendant pleaded guilty to a felony charge of possession of marijuana, and Hall

County Superior Court Judge Jason J. Deal ordered Defendant—pursuant to

Georgia's First Offender Act ("FOA"), O.C.G.A. §§ 42-8-60 *et seq.*—to serve a

one-year custodial sentence followed by nine years of probation.  (*See* Doc. 15-1 at

4-8).  Pertinent to Defendant's First Offender treatment, the court's disposition

form indicated:

The Defendant consenting hereto, it is the judgment of the Court that no judgment of guilt be imposed at this time but that further proceedings are deferred and the Defendant is hereby sentenced to confinement at such institution as the Commissioner of the State Department of Corrections or the Court may direct, with the period of confinement to be computed as provided by law.

Upon violation of the terms of probation, upon conviction for another crime during the period of probation, or upon the Court's determination that the Defendant is or was not eligible for sentencing under the First Offender Act or for Conditional Discharge, the Court may enter an adjudication of guilt and proceed to sentence the Defendant to the maximum sentence as provided by law.

Upon fulfillment of the terms of this sentence, or upon release of the Defendant by the Court prior to the termination of this sentence, the Defendant shall stand discharged of said offense without court adjudication of guilt and shall be completely exonerated of guilt of said offense charged.

(Doc. 15-1 at 7-8).  On August 29, 2016, Tracy Gaddis, a Probation Officer with the Northeastern Judicial Circuit, filed in case number 11CR1239C a Petition For Adjudication Of Guilt And Imposition Of Sentence In First Offender Case, based on Defendant's commission of a felony offense on August 22, 2016, i.e., interference with government property.  (Doc. 15-1 at 16).  On September 20, 2016, Defendant was "adjudicated guilty and resentenced" to 10 years with one year to serve and credit for time previously served on probation.  (Doc. 15-1 at 17).

On October 25, 2016, a grand jury in the United States District Court for the Northern District of Georgia returned an Indictment that charges Defendant with receiving a firearm while under felony indictment in the Superior Court of Hall County in case number 11CR1239C, in violation of 18 U.S.C. § 922(n).  (Doc. 1).

On January 10, 2017, Defendant filed a motion to dismiss the Indictment. (Doc. 13).  The Government submitted a response brief (Doc. 15), and Defendant replied (Doc. 16).   With briefing complete, the undersigned turns to the merits of Defendant's motion.

### Discussion

Defendant moves to dismiss the Indictment on the grounds that (1) the Indictment fails to charge an offense because he was not "under indictment" as required by 18 U.S.C. § 922(n); (2) 18 U.S.C. § 922(n) is unconstitutionally vague; and (3) the rule of lenity requires dismissal due to the statute's ambiguities.  (*See* Doc. 13-1).

## I.   Whether Defendant Was Under Indictment For Purposes Of § 922(n)

18 U.S.C. § 922(n) provides, "It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  "The term 'indictment' includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted."  18 U.S.C. § 921(a)(14).

Defendant contends that he was no longer "under indictment" after he pleaded guilty and was sentenced under Georgia's First Offender Act because his "plea of guilty and the court's sentencing order fulfilled the purposes of the information and ended the charging phase of the case," and therefore "[a]t that point, the charging instrument ceased to have legal effect, and [Defendant] was not under indictment as contemplated by 18 U.S.C. § 922(n)."  (Doc. 13-1 at 4).  The Eleventh Circuit has not addressed this issue, but based on persuasive authority from other circuits, the undersigned finds no merit to Defendant's contentions.

In *United States v. Saiz*, 797 F.3d 853 (10th Cir. 2015), the defendant pleaded guilty to various state law crimes in New Mexico, and "they were conditionally discharged under state law, which meant that if he completed a term of probation they would be dismissed."  *Id.* at 854.  While he was on probation, he committed and was convicted of federal firearm offenses, and his sentence was enhanced because he was a "prohibited person" pursuant to 18 U.S.C. § 922(n), which includes "any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year."  *Id.* at 855.  Defendant argued that he was not eligible for enhanced sentencing based on § 922(n) because he was not "under indictment" when he committed the charged federal firearms offenses "because being subject to a conditional discharge does not count as being 'under indictment.' "  *Id.* at 854.  The Tenth Circuit "disagree[d] and conclude[d] that an

4

offender subject to conditional discharge is still under indictment until the condition is met—completion of the term of probation." *Id.*

In rejecting the defendant's contention "that an indictment dissipates when the defendant pleads guilty in state court and the court imposes probation and conditional discharge," the court looked to New Mexico's conditional discharge scheme, under which "[a] defendant who receives conditional discharge under New Mexico law is 'neither "adjudicated guilty" nor "convicted." ' " *Id.* at 855 (quoting *State v. Herbstman*, 126 N.M. 683, 974 P.2d 177, 183 (N.M. Ct. App. 1998)). Moreover, the charges are not dismissed until "a defendant subject to a conditional discharge order completes probation . . . .  The charges in an indictment are not extinguished upon the guilty plea or verdict." *Id.*  "Instead, they remain in suspension until the defendant completes his term of probation." *Id.*  "If the defendant violates the conditions of probation, the court is entitled to 'enter an adjudication of guilt' on the charges without any other formal process." *Id.* (citing N.M. Stat. Ann § 31-20-13(B)).  The court observed that "[t]he language of the order imposing Saiz's conditional discharge is consistent with these principles, affirming that 'without an adjudication of guilty, . . . the charges will be discharged' *after* completing probation." *Id.* (emphasis in original).  "Thus, Saiz remained under indictment in New Mexico at the time he committed the federal firearms offenses at issue here because the charges were never dismissed." *Id.*

Georgia's First Offender Act similarly provides that the charges are not adjudicated or discharged when a defendant pleads guilty under that Act. "The series of statutes known as the First Offender Act deal with sentencing options for a person not previously convicted of a felony.  Such a person is permitted to enter a plea of guilty or nolo contendere, to serve the probationary sentence or term of imprisonment handed down, and to be discharged without court adjudication of guilt and without a record of a criminal conviction." *Davis v. State*, 269 Ga. 276, 496 S.E.2d 699, 702 (Ga. 1998) (citing O.C.G.A. §§ 42-8-60, 42-8-62(a)).  When Defendant pleaded guilty in March 2012, the First Offender Act provided in relevant part:

> (a) Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant:
>   (1)  Defer further proceeding and place the defendant on probation as provided by law; or
>   (2) Sentence the defendant to a term of confinement as provided by law.
> (b)  Upon violation by the defendant of the terms of probation, under a conviction for another crime during the period of probation, or upon the court determining that the defendant is or was not eligible for sentencing under this article, the court may enter an adjudication of guilt and proceed as otherwise provided by law.

O.C.G.A. § 42-8-60(a)-(b). The statute also provided, "Upon fulfillment of the terms of probation, upon release by the court prior to the termination of the period thereof, or upon release from confinement, the defendant shall be discharged

without court adjudication of guilt . . . .   [T]he discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his or her civil rights or liberties; and the defendant shall not be considered to have a criminal conviction." "  O.C.G.A. § 42-8-62(a).  Thus, under Georgia law, "first offender status is not considered an adjudication of guilt," *Rivers v. State*, 296 Ga. 396, 768 S.E. 2d 486, 492 (Ga. 2015), and "[a] first offender's guilty plea does not constitute a conviction as that term is defined in the Criminal Code of Georgia," *Davis*, 496 S.E.2d at 702.  *See also Davis v. State*, 273 Ga. 14, 537 S.E. 2d 663, 665 (Ga. 2000) ("Under the first offender statute, until an adjudication of guilt is entered, there is no conviction.").  "Under the first offender statute, the case 'has, in effect, been suspended' during the period of probation."  *Davis*, 537 S.E.2d at 665.

The court's reasoning in *Saiz* applies with force here as it was in reference to the similar law of another state.  Significantly, the language of the order setting forth Defendant's sentence here is consistent with the applicable state law principles, as it states that "no judgment of guilt be imposed at this time but that further proceedings are deferred," that if Defendant violates the terms of probation "the Court may enter an adjudication of guilt and proceed to sentence the Defendant to the maximum sentence as provided by law," and that "[u]pon fulfillment of the terms of this sentence, or upon release of the Defendant by the

Court prior to the termination of this sentence, the Defendant shall stand discharged of said offense without court adjudication of guilt and shall be completely exonerated of guilt of said offense charged." (Doc. 15-1 at 7-8). The undersigned therefore finds that Defendant was "under indictment" for purposes of 18 U.S.C. § 922(n) when he allegedly committed the federal firearms offense at issue here because he had not yet been adjudicated guilty on the charged state offense, nor had the charge been discharged or dismissed. *See, e.g.*, *Saiz*, 797 F.3d at 856; *United States v. Valentine*, 401 F.3d 609, 616-16 (5th Cir. 2005) (finding that the defendant was "under indictment" for purposes of § 922(n) where he was indicted for theft and received five years deferred adjudication because Texas's deferred adjudication system leaves a defendant with a pending charge without an adjudication of guilt or conviction); *United States v. Larkins*, No. 13-CR-172-CVE, 2013 U.S. Dist. LEXIS 174496, at *7-16 (N.D. Okla. Dec. 11, 2013) (finding that the defendant was "under indictment" where he pleaded guilty and received deferred sentences because under Oklahoma law a deferred sentence is not a conviction, and the charge remains pending until or unless the defendant completes the conditions of the deferred sentence).

The court in *Saiz* also rejected many of the same arguments Defendant makes in this case in support of his motion. For example, Defendant cites the Eighth Circuit's decision in *United States v. Hill*, 210 F.3d 881 (8th Cir. 2000) and

a district court case in this circuit, *United States v. Hartsfield*, 387 F. Supp. 16 (M.D. Fla. 1975), to support his contentions that he was no longer under indictment after he pleaded guilty and was sentenced.  (*See* Doc. 13-1 at 2-6).  In *Hill*, the court found that the defendant was not "under indictment" pursuant to Missouri law where he had pleaded guilty to a state charge, the court placed him on probation, but suspended his sentence until his probation ended at which time "the court could fully discharge Hill from its jurisdiction without entering a judgment of conviction."  210 F.3d at 883.  The court observed that under Missouri law, the primary purpose of an indictment or information is to give the defendant notice of the charge against him, and "[b]y entering a guilty plea, Hill admitted each allegation contained in the indictment."  *Id.* at 884.  "Its primary function satisfied, the indictment served no further purpose and was thus extinguished."  *Id.* The court also rejected the district court's conclusion "that the indictment survived the guilty plea as a means of conferring continuing jurisdiction over Hill, necessary for the court to impose a sentence of prison time in the event that Hill violated the terms of his probation."  *Id.*

In *Hartsfield*, the court considered whether the defendant, who had pleaded guilty but adjudication of guilt and imposition of sentence were withheld, was "under indictment" while he was on probation.  387 F. Supp. at 16-17.  The court wrote that "the critical question is whether, at the time of the purchase of the gun,

9

defendant had been 'convicted' under state law" because "[o]nce there has been a 'conviction,' the indictment or information becomes superfluous in a practical sense, as the guilt of the accused has been determined and he no longer can be tried on the indictment or information." *Id.* at 17.  The court then reviewed Florida law and determined that "under Florida law, the defendant would be considered convicted upon the entry of his plea of guilty." *Id*. at 17-18.

The court in *Saiz* acknowledged that the defendant's "argument is not without support, however," noting that the defendant cited to, among other cases, *Hill* and *Hartsfield*, but the court did not find those cases persuasive.  *See* 797 F.3d at 856-58.  Neither does the undersigned.  *Hartsfield* is easily distinguishable because the court in that case found that under Florida law the defendant was "convicted" when he entered his plea of guilty, 387 F. Supp. at 18, but as discussed above, Georgia law clearly states the opposite. *See Davis*, 496 S.E.2d at 702 ("A first offender's guilty plea does not constitute a conviction as that term is defined in the Criminal Code of Georgia[.]"); *see also Saiz*, 797 F.3d at 857-58 ("Whatever the merits of that court's interpretation of Florida law [in *Hartsfield*], New Mexico courts have stated that persons granted conditional discharge are 'neither "adjudicated guilty" nor "convicted" ' " (citing *Herbstman*, 974 P.2d at 183)).

As to Defendant's reliance on *Hill*, the court in *Saiz* acknowledged that "the Missouri statute [at issue in Hill] and the New Mexico statute are more or less

identical," but nevertheless disagreed with that decision.  797 F.3d at 857.  The

court explained:

> Although it is true that an indictment's purpose is to inform a
> defendant of the charges against him, we find no support for the
> proposition that a defendant is no longer subject to an indictment after
> he pleads guilty and before he is adjudged guilty.  To the extent that a
> conditional discharge puts off a finding of guilt, it simply prolongs the
> life of the indictment.   A holding to the contrary would be
> incongruous with the requirement that "charges" are only "dismissed"
> when the defendant completes the probationary period . . ., as well as
> the fact that the defendant is never convicted unless he violates the
> terms of release . . . .  If the indictment dissipated at the time of the
> guilty plea, there would be no more charges to dismiss and no chance
> of a future conviction.  The statutory scheme exists precisely to give a
> defendant a chance to avoid a finding of guilt, while preserving the
> threat posed by the indictment until the completion of probation.

797 F.3d at 857.  The undersigned agrees with that reasoning and therefore finds

the court's analysis in *Hill* unpersuasive.

Defendant also asserts that "[t]he statutory language and legislative history

of sections 921 and 922 of title 18 make clear that Congress intended the term

'under indictment' to apply exclusively to the charging phase of a case and to end

when the prosecution ends."  (Doc. 13-1 at 2).  Defendant contends that the

qualifier "*may be* prosecuted" in 18 U.S.C. 921's definition of "indictment"

"indicates that the indictment referred to is one for which a prosecution remains

pending.  The end of a prosecution, therefore, signals the end of the period of time

during which someone is 'under indictment.' "  (*Id.*).  But as the court in *Saiz*

observed, "even if this reading is correct, he offers no reason to believe that the

prosecution ends when the defendant pleads guilty and receives a conditional discharge. On the contrary, the fact that the government can later petition the court to enter a conviction for the original offense once the defendant has violated probation demonstrates that the prosecution has not ended." 797 F.3d at 858. That is precisely what happened in this case. The government petitioned for an adjudication of guilt and imposition of sentence based on Defendant's violation of the conditions of his First Offender probation, and the court adjudicated him guilty on September 20, 2016 (Doc. 15-1 at 16-17), thus demonstrating that the prosecution did not end when he pleaded guilty on March 30, 2012.

Defendant also asserts that the differences between § 922(n), which prohibits a person "under indictment" from shipping or receiving firearms but not possessing them, and § 922(g), which prohibits enumerated classes of prohibited persons from shipping, receiving, and possessing firearms, "also support a narrow construction of the term 'under indictment.' " (Doc. 13-1 at 3). Defendant asserts that "this difference evidences Congress's intent to narrowly limit the restrictions on gun owners who find themselves facing criminal charges." (*Id.* at 4). Defendant did not explain how those assertions support his contention that he was not under indictment once he pleaded guilty under the First Offender Act. To the contrary, his state charge was not adjudicated or dismissed when he pleaded guilty, and he was therefore "under indictment" until he either successfully completed his First

12

Offender probation and the charges dismissed, or as happened in this case, he was adjudicated guilty because he violated his probation.

Finally, Defendant contends a First Offender sentence fulfills "the jurisdictional purposes of an indictment or information" and "renders the charges in the information *res judicata* against a subsequent prosecution for the same offense," and therefore because "the indictment or information has fulfilled its purposes," it "ceases to have legal effect."  (Doc. 13-1 at 7-9).  The court in *Saiz* rejected almost identical arguments, i.e., "that an indictment triggers the court's jurisdiction and establishes *res judicata* so that the defendant cannot be charged later for the same offense," and "because these purposes are fulfilled once the defendant enters a guilty plea, the plea signals the 'end of the charging phase.' " 797 F.3d at 858 n.6.  The court reasoned, "regardless of whether these particular purposes are fulfilled when the defendant pleads guilty, the fact remains under New Mexico law the defendant is not convicted until he violates probation and the charges remain in place until he completes probation."  *Id.*  As discussed above, the same is true under Georgia law.  Thus, even if Defendant's guilty plea and sentence fulfilled some purposes of an indictment or information, the state charge remained pending against him, and his case was "suspended during the period of probation."  *Davis*, 537 S.E.2d at 665.

Accordingly, to the extent that Defendant moves to dismiss the Indictment on the ground that he was not "under indictment" for purposes of 18 U.S.C. § 922(n), it is **RECOMMENDED** that his motion be **DENIED**.

## II.    Whether 18 U.S.C. § 922(n) Is Vague Or Ambiguous

Defendant argues that 18 U.S.C. § 922(n) is unconstitutionally vague under the Due Process Clause of the Fifth Amendment and further contends that the rule of lenity requires dismissal of the Indictment because § 922(n) is ambiguous. (Doc. 13-1 at 9-10).  " 'Vagueness is an outgrowth of the Fifth Amendment's Due Process Clause." *United States v. Wayerski*, 624 F.3d 1342, 1347 (11th Cir. 2010). "It encompasses notions of fair warning such that people of common intellect may understand a statute's prohibitions and need not guess at its meaning." *Id.*  "[A] criminal statute is unconstitutionally vague and violates due process 'if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits' or if 'it authorizes or even encourages arbitrary and discriminatory enforcement.' "  *United States v. Moody*, 555 Fed. Appx. 867, 869 (11th Cir. 2014) (unpublished decision) (quoting *Wayerski*, 624 F.3d at 1347). "There is a strong presumption that statutes passes by Congress are valid." *Wayerski*, 624 F.3d at 1347.

"The first step in a vagueness inquiry is to examine the plain language of the statute."  *Wayerski*, 624 F.3d at 1347.  " 'The touchstone of the inquiry is the

14

meaning of the statute in light of common understanding and practice.' " *Id.* (quoting *United States v. Hunt*, 526 F.3d 739, 743 (11th Cir. 2008)). "When the plain text of the statute sets forth clearly perceived boundaries, our inquiry is ended." *Id.* Here, 18 U.S.C. § 922(n) provides, "It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The statute also explains that "[t]he term 'indictment' includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted." 18 U.S.C. § 921(a)(14). The plain language of that statute thus "sets forth clearly perceived boundaries," i.e., a person under indictment or information is prohibited from shipping or receiving a firearm or ammunition shipped or transported in interstate or foreign commerce.

Defendant contends that § 922(n) is unconstitutionally vague, however, because "it cannot be said that 'ordinary people' would understand that they were still 'under indictment' years after entering a guilty plea pursuant to O.C.G.A. § 42-8-60," and therefore "[s]ection 922(n) does not afford a 'fair warning' that the 'common world' will understand what the law intends to do.". (Doc. 13-1 at 9). The undersigned disagrees. As discussed above, Georgia law provides that a guilty

15

plea under the First Offender Act is not an adjudication of guilt or a conviction, and therefore the offense remains pending until the defendant either satisfactorily completes probation or the court terminates the probation, at which time the charge is dismissed, or the court later adjudicates the defendant guilty due to a violation of the terms of his probation or commission of a new offense.  Thus, ordinary people of common intelligence would understand that by pleading guilty pursuant to Georgia' First Offender Act, they remained under indictment until the charge was dismissed or an adjudication of guilt occurred.  *See, e.g.*, *Larkin*, 2013 U.S. Dist. LEXIS 174496, at *20 (finding that § 922(n) was not unconstitutionally vague where "Defendant had a felony information filed against him and the information had not been dismissed, expunged, or otherwise disposed of.  It was still pending and defendant was presumptively aware that he was still subject to sanction if he were to violate his deferred sentences' terms and conditions").

Defendant also contends that due to ambiguity in the statute, "the rule of lenity favors [his] construction of the portion of the statute with which he is charged."  (Doc. 13-1 at 10).  " 'When ambiguity exists, the ambit of criminal statutes should be resolved in favor of lenity.' "  *United States v. Puentes*, 803 F.3d 597, 609 (11th Cir. 2015) (quoting *United States v. Izurieta*, 710 F.3d 1176, 1182 (11th Cir. 2013)).  " 'The simple existence of some statutory ambiguity, however, is not sufficient to warrant application of that rule, for most statutes are ambiguous

to some degree.' " *Id.* at 610 (quoting *Muscarello v. United States*, 524 U.S. 125, 138 (1998)).   "Rather, the rule of lenity applies only if there is a 'grievous ambiguity or uncertainty in the statute.' " *Id.* (quoting *Muscarello*, 524 U.S. at 138-39).   Defendant asserts, without elaboration or support, "[t]he ambiguities in the portion of § 922(n) are legion.  Resolving them in favor of [Defendant] requires the Court to dismiss the Indictment."   (Doc. 13-1 at 10).   The undersigned disagrees and finds that the rule of lenity does not apply because there is no "grievous" ambiguity in the term "under indictment" or, as discussed above, whether Defendant was "under indictment" under Georgia law.  *See, e.g.*, *Larkins*, 2013 U.S. Dist. LEXIS 174496, at *20-21 (rejecting the defendant's contention that "there is impermissible ambiguity as to whether 'under indictment' includes a defendant subject to a deferred sentence because "[t]he term 'under indictment' . . . is not sufficiently ambiguous for the rule of lenity to apply [and] "Oklahoma law is not ambiguous; a deferred sentence leaves a defendant still 'under indictment' ").

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss based on vagueness and ambiguity of 18 U.S.C. § 922(n) be **DENIED**.

## <u>Summary</u>

It is **RECOMMENDED** that Defendant's Motion To Dismiss (Doc. 13) be **DENIED**.

**IT IS ORDERED** that, subject to a ruling by the District Judge on any objections to orders or recommendations of the undersigned Magistrate Judge, this case is **certified ready for trial.**

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this <u>10th</u> day of <u>March</u>, 2017.

*/s/ J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge
