# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| MARQUIS BONDS, | : | MOTION TO VACATE |
| GDC # 1000790495, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:16-CR-0034-RWS-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 2:19-CV-0109-RWS-JCF |

## AMENDED FINAL REPORT AND RECOMMENDATION

Movant Marquis Bonds, an inmate at Calhoun State Prison[1] in Morgan, Georgia, has filed a *pro se* 28 U.S.C. § 2255 motion to vacate challenging his conviction and sentence in Case No. 2:16-cr-0034-RWS-JCF-1. (Doc. 66.) The matter is before the Court on the § 2255 motion and the government's response. For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED** and that no certificate of appealability issue.

---

[1] Movant was serving a state sentence at the time of his federal sentencing and his federal sentence has not yet begun to run. (See Doc. 49 at 2.)

I. **PROCEDURAL HISTORY**

On October 25, 2016, a federal grand jury returned an indictment charging Movant with one count of receiving of a firearm by a person under a felony indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). (Doc. 1 at 1.) Specifically, the indictment charged that Movant received a "Zastava, Model PAP M92 PV, 7.62mm pistol bearing serial number M92PV046216." (Id.) Ultimately, Movant proceeded to a two-day jury trial from July 24, 2017, to July 25, 2017. (Docs. 40, 43.) The jury convicted Movant of Count 1. (Doc. 44 at 1.)

The District Court sentenced Movant to 60 months' imprisonment. (Doc. 49 at 2.) More than three months later, Movant filed a *pro se* notice of appeal, but his appeal was subsequently dismissed for failure to prosecute. (Docs. 50, 60.) The instant § 2255 motion followed.

II. **28 U.S.C. § 2255 MOTION**

In his § 2255 motion, Movant enumerates three grounds for relief. (Doc. 66 at 6-9.) In Ground 1, Movant argues that his counsel was ineffective for failing to move to suppress unspecified evidence derived from an illegal search and seizure conducted without a warrant. (Id. at 6.) In Ground 2, Movant argues that his "indictment and arrest was said to be for a 22 caliber rifle," but that his indictment

2

was "converted" to allege that he received an "AK-47 assault rifle." (Id. at 8.) Movant asserts that his counsel was ineffective for failing to object to the "illegal conversion." (Id.) Similarly, in Ground 3, Movant raises a related claim that his counsel failed to object to a "material alteration of evidence and facts" and intentionally allowed him to be wrongfully convicted. (Id. at 9.)

The government responds that all of Movant's claims are contradicted by the record. (Doc. 68 at 6.) Specifically, as to Ground 1, the government responds that the firearm underlying his conviction was seized pursuant to a search warrant. (Id. at 9.) As to Grounds 2 and 3, the government notes that the indictment always charged Movant with receiving a "Zastava, Model PAP M92 PV, 7.62mm pistol bearing serial number M92PV046216," and he was never charged in relation to 22-caliber rifle. (Id. at 9-10.)

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. United States v. Jordan, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed on four different grounds, including "that the sentence was imposed in violation of the

Constitution or laws of the United States." Id.; see also 28 U.S.C. § 2255. "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). A § 2255 movant bears at all times the burden of proving his entitlement to relief. Beeman v. United States, 871 F.3d 1215, 1221-23 (11th Cir. 2017). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Fontaine v. United States, 411 U.S. 213, 215 (1973).

The Sixth Amendment right to counsel includes the right to the effective assistance of competent counsel. McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). To make a successful claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 687-88. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If the defendant makes an insufficient showing on the prejudice prong, the court need not address the

performance prong, and vice versa.  Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

Here, as to Movant's Ground 1, Movant's claim is unsupported and conclusory and does not warrant relief.  See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (explaining that a petitioner is not entitled to federal habeas relief "when his claims are merely conclusory allegations").  Namely, Movant does not allege what evidence was seized pursuant to an allegedly unconstitutional search and seizure, when or where the search and seizure took place, how the search and seizure was conducted, or on what basis Movant alleges that his Fourth Amendment Rights were violated.  (See Doc. 66 at 6.)  Assuming that Movant is referring to the recovery of the firearm underlying the § 922(n) offense from the front passenger seat of a blue Chevrolet Cruze, the search in question was conducted pursuant to a search warrant supported by a detailed warrant affidavit providing ample probable cause.  (See Doc. 68-1 at 2-8.)  Movant's counsel was not ineffective for failing to file a meritless motion to suppress.  See, e.g., Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.")

With respect to Grounds 2 and 3, both claims appear to relate to Movant's contention that he was initially indicted for receiving a 22-caliber rifle, but that the indictment subsequently was "converted" to charge him with receiving an "AK-47 assault rifle." (See Doc. 66 at 8-9.) This contention is belied by the record. Movant was indicted for receiving a "Zastava, Model PAP M92 PV, 7.62mm pistol bearing serial number M92PV046216." (Doc. 1 at 1.) A Zastava Model PAP M92 PV may be accurately described as an "AK-47 style pistol." (See Doc. 68-1 at 9; see also Doc. 46-2 at 5-10.) At no point in Movant's criminal proceedings was the indictment amended or superseded. As a result, Movant's counsel was again not ineffective for failing to raise meritless objections. See Bolender, 16 F.3d at 1573.

Accordingly, because none of the claims in the § 2255 motion warrant relief, **IT IS RECOMMENDED** that the motion be **DENIED**.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue

6

"only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because reasonable jurists would not debate the resolution of the issues presented, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**. See id. If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

IV.   **CONCLUSION**

For the reasons stated above, **IT IS RECOMMENDED** that the 28 U.S.C. § 2255 motion [66] be **DENIED** and that a COA also be **DENIED**.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

7

**SO RECOMMENDED**, this 17th day of September, 2021.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge